**Sheppard**Mullin

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/20/2026___

Robert S. Friedman
212.634.3058 direct
rfriedman@sheppardmullin.com

January 15, 2026

**VIA ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10017

Re:    *Forkosh et al. v. Fluent, LLC et al.*, Case No. 1:25-cv-07967-AT

Dear Judge Torres:

On behalf of Defendants Fluent, LLC ("Fluent"), Ryan Schulke, Donald Patrick, Ryan Perfit, and Patrick Sweeney (collectively, "Defendants"), we submit this letter-motion for leave to file under seal Defendants' December 2, 2025 and January 7, 2026 pre-motion letters (ECF Nos. 28 and 51, respectively) in accordance with Section IV(A)(ii) of the Court's Individual Practices in Civil Cases. After the filing of these documents, it came to our attention that, for the reasons set forth below, the contractual terms referenced and quoted in the pre-motion letters are sensitive and confidential and should have been filed with a request to seal in the first instance. Defendants have notified the ECF Help Desk of this error and the filings are now temporarily sealed.

As Plaintiffs have explained in their prior sealing letter motions (ECF Nos. 15-17, 29, 35, and 45), which were granted pursuant to the Court's Orders (ECF Nos. 25, 32, 39, and 49), the terms of the subject agreements between the parties contain provisions requiring the parties to maintain the existence of the agreements and their terms as confidential, as well as certain sensitive and confidential information of Fluent that is non-public and potentially damaging if shared with competitors. Here, Defendants' pre-motion letters quote from and reference Paragraphs 3, 8 and 10(b) of the settlement agreement between the parties. The settlement agreement also references certain sensitive employment-related information. *See, e.g.*, *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18 Civ. 2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employment-related information). Pursuant to applicable law, sealing of such sensitive non-public information is appropriate, especially where the documents can be publicly filed with limited redactions. *See Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 1:19-CV-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (documents "containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" are "commonly sealed," as "non-public data of this nature is sensitive and potentially

**SheppardMullin**

January 15, 2026
Page 2

damaging if shared with competitors"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access").

Accordingly, Defendants request that Your Honor issue an Order directing ECF Nos. 28 and 51 to be permanently sealed, and allowing Defendants to file redacted versions in the form attached hereto as Exhibits A and B.

Respectfully Submitted,

Robert S. Friedman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Defendants' request to seal their pre-motion letters regarding their pending motion to dismiss at ECF Nos. 28 and 51 is GRANTED for the same reasons the Court articulated in its November 25, 2025 order.  *See* ECF No. 25.  By **January 23, 2026**, Defendants shall file the redacted letters at ECF Nos. 54-1 and 54-2.  The underacted letters at ECF Nos. 28 and 51 shall remain under seal.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 54.

SO ORDERED.

Dated:  January 20, 2026
     New York, New York

_____
ANALISA TORRES
United States District Judge